UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| JOHN W. MABRE, | Case No. 3:25-CV-00016-ART-CLB |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| v. | |
| MONTEGO BAY CASINO, *et al.*, | |
| Defendants. | |

On January 8, 2025, Plaintiff John W. Mabre ("Plaintiff") filed an application to proceed *in forma pauperis* ("IFP") and civil rights complaint with the Court. (ECF Nos. 1, 1-1.) On January 24, 2025, the Court screened the complaint and found that the handwritten complaint, which was mostly illegible, violated Rule 8(a) of the Federal Rules of Civil Procedure, as it contained no allegations and instead consisted of a narrative. (ECF No. 4.) Thus, the Court recommended that the complaint be dismissed, with leave to amend. (*Id.*) The Court noted that if Plaintiff chose to file an amended complaint, he should file the amended complaint within 30 days from the date of the district court's ruling on the report and recommendation and if no amended complaint was filed, the Court would recommend dismissal of this action for failure to state a claim. (*See id.* at 4-5.) On March 26, 2025, the District Court adopted the report and recommendation and thus, Plaintiff had until April 25, 2025, to file an amended complaint. (*See* ECF No. 6.) To date, Plaintiff has failed to file an amended complaint.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

---

[1] This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the report and recommendation directing Plaintiff to file an amended complaint, Plaintiff was explicitly cautioned that his failure to timely comply would result in a recommendation of dismissal of this action for failure to state a claim. (ECF No. 4.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance

with the Court's order.

Accordingly, it is recommended that this action be dismissed based on Plaintiff's failure to timely file an amended complaint in compliance with this Court's order.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**I.  RECOMMENDATION**

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** with prejudice; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: May 5, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**